IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ROADWAY WORKER TRAINING, LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | Civil Action No. 4:18-cv-04092-SOH |
| GLEN RAY BOWMAN, | | |
| Defendant. | § | |

## AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT

Plaintiff Roadway Worker Training, LLC ("RWT" or "Plaintiff") and Defendant Glen R. Bowman ("Defendant" or "Bowman") stipulate and agree that all of the following factual recitations are true and correct and they consent to the entry of this Agreed Permanent Injunction and Final Judgment ("Permanent Injunction"):

1. RWT provides flagging, training, and inspection services to the railway industry. It relies on highly trained, experienced rail professionals to provide exceptional service to its customers.

2. RWT has invested a substantial amount of time, effort, and money developing its goodwill, techniques, training programs, pricing, service offerings, and marketing strategies that allow it to offer its services to profitably serve its customers in the United States.

3. RWT takes calculated measures to maintain the confidentiality of its Confidential Information. For example, it retains various types of Confidential Information on password-protected computers and requires employees to execute individual confidentiality agreements upon receipt of Confidential Information. RWT also provides highly specialized training to its recruits, incumbent employees and contractors to prepare them to provide industry-leading services in

technical fields such as on-site railroad operations coordination and other aspects of railway operations.

4. Bowman was hired by Railroad Protective Services ("RPS"), a wholly owned subsidiary of Roadway Worker Training, Inc., ("RWT") on May 19th, 2014. In connection with his hiring, Bowman and RWT signed an Employment Contract which provided for certain post-employment restrictions to protect RWT's Confidential Information. The Agreement also contained the following language:

> 1. The Employment Contract will commence on the 1st day of January, 2014 (the "Commencement Date") and will run through the 1st day of January, 2017.
>
> 2. The parties acknowledge that various provisions of this Agreement survive past the termination of employment.

5. RailPros Holdings, LLC acquired RWT in January 2018 and continued the operations of the company. On April 6, 2018, RWT terminated Plaintiff's employment and learned he immediately began working for Bottom Line, LLC, a competitor. By letter dated April 13, 2018, RWT reminded him of his post-employment obligations.

6. If Bowman were allowed to work in a management capacity for a competitor of RWT or to recruit or solicit employees or contractors of RWT to leave its employ and/or join a competitor of RWT, RWT would suffer immediate, irreparable harm.

7. This Permanent Injunction is being entered pursuant to the agreements and stipulations of the Parties contained herein. The Parties stipulate, and the Court finds based on such stipulation, that this Court has jurisdiction over the Parties and of the subject matter of this action; that venue is proper; and that all substantive procedural prerequisites to the entry of this Permanent Injunction, as well as the enforceability under and/or its compliance with the Federal Rules of Civil Procedure are hereby waived by the Parties.

8.  The Parties stipulate, and the Court finds, that this Permanent Injunction resolves all issues and claims for relief raised or which could have been raised at a hearing or final trial in this matter and shall be binding upon and between the Parties and their respective successors and assigns as set forth herein.

9.  The Parties stipulate that the entry of this Permanent Injunction does not constitute an admission or waiver of liability of any kind by any Party.

10. During the Term of this Permanent Injunction, the Parties may apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the construction or implementation of this Permanent Injunction or any of its provisions, or for the enforcement of compliance therewith and the punishment of violations thereof.

11. Based upon the stipulations of the Parties, the Court is of the opinion and finds that this Permanent Injunction and Final Judgment should be rendered and entered. It is, therefore:

**ORDERED, ADJUDGED AND DECREED** that until April 6, 2019, Bowman is prohibited from working as a supervisor or manager for any company that is in direct competition with RWT in any geographic area where RWT operates.

**IT IS FURTHER ORDERED** that until April 6, 2019, Bowman is prohibited from inducing or attempting to induce any employee or contractor of RWT to quit employment or retainer with RWT; otherwise interfering with or disrupting RWT's relationship with its employees and contractors; discussing employment opportunities or providing information about competitive employment to any of RWT's employees or contractors; or soliciting, enticing, or hiring away any employee or contractor of RWT for the purpose of an employment opportunity that is in competition with RWT.

**IT IS FURTHER ORDERED** that Bowman is prohibited from disclosing or using, directly

or indirectly, for his benefit or the benefit of any other entity, any confidential or proprietary information of RWT he learned or acquired while employed by RWT or its predecessors. This prohibition shall remain in place until such confidential or proprietary information is disclosed by RWT or otherwise becomes known to the public through a source other than Bowman.

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys' fees; this Agreed Permanent Injunction shall constitute a final judgment in this lawsuit; this matter having been concluded in all respects, the Clerk is directed to mark this matter as closed; the Court retains jurisdiction to enforce this injunction; and all relief not specifically granted is denied.

**SIGNED** and **ORDERED** this 1st day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge